UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Benbrooks,

          Plaintiff,

v.

Voigt, Rode & Boxeth, LLC,

          Defendant.

Civ. No. 15-1896 (PAM/HB)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Joel Benbrooks's father, Glen Benbrooks, was a resident at Kenyon Sunset Home, a senior housing and nursing facility in Kenyon, Minnesota. When the elder Benbrooks did not pay the bill for his care, Kenyon assigned the debt for collection to Defendant Voigt, Rode & Boxeth, a St. Paul law firm that also collects debts for its clients. Voigt, Rode & Boxeth wrote to Glen Benbrooks seeking payment of the debt, but also wrote to Plaintiff, because Plaintiff had power of attorney for his father with respect to his care at Kenyon. (Compl. Ex. 1.) Both Plaintiff and his father responded to these letters with cease and desist demands. (Compl. Ex. 2.) Plaintiff claimed in his response that he was not responsible for his father's debt. (Id.)

The law firm wrote back to Plaintiff, maintaining that Plaintiff was personally liable for his father's debt. In its second letter, the law firm again reiterated that it was seeking payment from Plaintiff as his father's attorney-in-fact, stating that Plaintiff's "purposeful actions and inaction while acting as your father's POA support Kenyon's claims that you have violated Minnesota law and are personally liable to Kenyon for payment of its services." (Compl. Ex. 3.)

Plaintiff brought this lawsuit under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a et seq., in April 2015. In June 2015, the law firm told Plaintiff's attorney that it would no longer pursue a collection action against Plaintiff. Plaintiff continues to press his FDCPA claims, however, contending that he is due damages for emotional harm (Compl. ¶ 28), unspecified out-of-pocket expenses (id. ¶ 29), and statutory damages of $1,000, plus attorney's fees and costs. (Id. ¶ 30.) His specific claims are that the law firm violated § 1692c(c) when it contacted Plaintiff after he sent the cease and desist demand; that this letter included more than what § 1692c(c)(1)-(3) permits to be included in such communications; and that the letter contained false, deceptive, and misleading representations in violation of § 1692e(2), (4), (5), (7), and (10).

**DISCUSSION**

Rule 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering such a motion, the Court "has authority to consider matters outside the pleadings." Osborn v. United States, 918 F.2d 724m 728 n.4 (8th Cir. 1990). The Court need not view the evidence in the light most

2

favorable to the non-moving party, but rather is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. at 730. Here, although the law firm submitted materials outside the pleadings in support of its Motion, the Court need not rely on those materials because it is clear from the face of the Complaint itself and the appended documents that jurisdiction is lacking.

The law firm argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims because Plaintiff is not a "consumer" as the FDCPA defines that term, and because the debt for which Plaintiff was liable is not a debt covered by the FDCPA. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), or "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." Id. § 1692c(d). The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction [that is] primarily for personal, family, or household purposes . . . ." Id. § 1692a(5). If Plaintiff is not a "consumer," he is foreclosed from bringing any claims under § 1692c, but may raise claims under § 1692e, which does not restrict its coverage to communications with consumers. See id. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). But if the debt does not arise out of a consumer transaction, the FDCPA does not apply to the collection of that debt as an initial matter, and all of Plaintiff's claims under the FDCPA fail. Id. § 1692a(5).

The law firm contends that the debt at issue in its communications with Plaintiff was not Plaintiff's father's consumer debt, but rather was damages Plaintiff owed because of the alleged breaches of his duties as attorney-in-fact. Such damages are not covered under the FDCPA's definition of "debt." Id. § 1692a(5). Plaintiff counters that the allegation in the letter that he was "personally liable" for the debt means that he was a consumer under the FDCPA because he was "allegedly obligated to pay a[] debt." 15 U.S.C. § 1692a(3). But the "personally liable" language is directly from the Minnesota power-of-attorney statute and cannot by itself invoke the protections of the FDCPA. See Minn. Stat. § 523.21 ("The attorney-in-fact is personally liable to any person . . . injured by an action taken by the attorney-in-fact in bad faith . . . ."). The letter Plaintiff challenges echoes the statutory language:

> [A]t all times relevant you were your father's attorney-in-fact under Power of Attorney (POA) and as his POA you had access to his income and assets and agreed to apply his income and assets toward his care at Kenyon. Kenyon relied on your representations that you would provide your father's income and assets to the facility for payment . . . . Your purposeful actions and inaction while acting as your father's POA support Kenyon's claims that you have violated Minnesota law and are personally liable to Kenyon for payment of its services. Kenyon's legal claims include the harm it has incurred pursuant to your purposeful actions and inaction as your father's fiduciary.

(Compl. Ex. 3.) Indeed, the letter cites the Minnesota power-of-attorney statute and several cases construing that statute. (Id.)

The letter's insistence that Plaintiff was "personally liable" for his father's consumer-debt obligations does not mean that those obligations are Plaintiff's consumer debts for purposes of the FDCPA. Rather, the letter merely states the undisputed proposition that an attorney-in-fact can be personally liable to a third party under the power-of-attorney statute when that attorney-in-fact has performed or failed to perform his duties in bad faith and that action or inaction has harmed the third party. Minn. Stat. § 523.21. Such third-party liability is not a debt that arises out of a consumer transaction and the FDCPA does not apply to attempts to collect it.

In this situation, Plaintiff is not a "consumer" under the FDCPA and the damages the law firm sought to recoup do not constitute a "debt" under that statute. As such, the Court lacks jurisdiction over Plaintiff's claims, and they must be dismissed.

**CONCLUSION**

Plaintiff's claims do not arise under a federal statute and there is no federal jurisdiction over those claims. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Dismiss (Docket No. 9) is **GRANTED**; and
2. The Complaint (Docket No. 1) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: July 30, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge